ANTONIO BRULO, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Failure of prisoner to produce evidence — when jury may consider it against him.*

Where a party on trial for an offense has evidence at hand, by which he could prove a given fact material to his defense, and does not produce it, it is for the jury to say whether, in deciding upon their verdict, this omission should be considered against him.

WRIT OF ERROR to the Court of Sessions of Kings county, to review the conviction and sentence of the plaintiff in error of larceny.

*Wm. F. Howe*, for the plaintiff in error.

*Isaac S. Catlin* (district attorney), for the people.

BARNARD, P. J.:

The plaintiff in error, an Italian, was indicted for larceny. The larceny was committed by inducing Joseph Manairo, also an

Italian, to deliver to a stranger $390, upon the assurance that the stranger delivered to Manairo a bag of gold. Brulo and this stranger were joint-actors, or the plaintiff in error was not guilty. To establish joint guilt, it was proven on the trial that Brulo made the acquaintance of Manairo, who was a poor peanut seller; that he represented himself as doing a large business connected with ships. Shortly after he made such acquaintance, he invited Manairo to accompany him to buy flannel, as he (Brulo) didn't know the English language. Brulo started to do this, and Brulo invited Manairo to drink, which he did; then the two, without doing their errand, started back and met another Italian, who expressed great grief at the death of his father, who had left him all his money, saying, "that he was going to get some prayers done." The stranger and Brulo finally induced Manairo to give the stranger $390 and take a bag to keep for the stranger, which they both said contained gold. Both these parties requested to return immediately. He did so, and on his return found both gone, and he did not again see Brulo until after his arrest. The bag Manairo to go and leave the bag of gold in Manairo's house, and contained no gold, but things of weight wrapped up in newspapers. The evidence is abundant to show that Brulo was guilty. He pretended wealth; he brought in the stranger; he aided the stranger in getting the money upon falsehoods, and he and the stranger ran away together when they had succeeded in their common purpose. The court did not err in receiving the evidence of the acts and declarations of Brulo before the actual transfer of the money. Such acts and declarations were evidence for the jury to determine whether the prisoner was a joint-actor or not. Upon this question depended the conviction or acquittal of the prisoner. It was not error to refuse to charge in the words of the request, "that failure of the prisoner to produce evidence is not to be considered by the jury." The court charged, that when a man has evidence at hand, by which he could prove a given fact material to his defense, and does not use it, it was for the jury to say whether it should be considered against him or not. The prisoner had been sworn and testified to an *alibi*. The request was not addressed to the omission of a prisoner to testify, when the law expressly directs that a refusal to testify shall not

create an impression against him. The prisoner testified that he did not come into this country until November, 1877. The larceny was committed in October, 1877. The trial was in March, 1878. It is apparent that there must have been a record kept by the emigration officials of his arrival. It was proper for a jury to consider the absence of such evidence. , (*People* v. *Dyle*, 21 N. Y.; 578; *Gordon* v. *The People*, 33 id., 501.)

The conviction should be affirmed.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed.